JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
TAJ AL KHAIRAT, LTD.

**DEFENDANTS**
SWIFTSHIPS SHIPBUILDERS, LLC

**(b)** County of Residence of First Listed Plaintiff   BAGHDAD, IRAQ
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   ST. MARTIN/ST. MARY
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
BAKER BOTTS      ATTY OF RECORD: MICHAEL CANCIENNE
910 LOUISIANA    PHONE #: 713-229-6200
HOUSTON, TEXAS 77002

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government
        Plaintiff

☐ 3  Federal Question
        *(U.S. Government Not a Party)*

☐ 2  U.S. Government
        Defendant

☒ 4  Diversity
        *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                              *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☒ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☒ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original
        Proceeding

☐ 2 Removed from
        State Court

☐ 3 Remanded from
        Appellate Court

☐ 4 Reinstated or
        Reopened

☐ 5 Transferred from
        Another District
        *(specify)*

☐ 6 Multidistrict
        Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 USC 1332 (DIVERSITY)
Brief description of cause:
BREACH OF CONTRACT

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION
    UNDER RULE 23, F.R.Cv.P.

DEMAND $
6,800,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE                                    DOCKET NUMBER

DATE   9-5-2013

SIGNATURE OF ATTORNEY OF RECORD

---

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | | |
|---|---|---|
| TAJ AL KHAIRAT, LTD. | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. _____ |
| | § | |
| SWIFTSHIPS SHIPBUILDERS, L.L.C. | § | |
| | § | |
| Defendant. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff, Taj al Khairat, Ltd. ("Taj"), files this its Original Complaint against Defendant, Swiftships Shipbuilders, L.L.C. ("Swiftships"), and would show the Court as follows:

### SUMMARY OF COMPLAINT

1.      Taj entered into a Settlement Agreement with Swiftships to resolve disputes arising under the Master Pledge Agreement ("MPA") entered into between affiliates of Taj and Swiftships.  Swiftships failed to make timely payments when due under the Settlement Agreement.

2.      Under the Settlement Agreement, Taj is entitled to a default judgment against Swiftships for failure to make timely payments under the agreed schedule.  Swiftships has expressly waived the right to contest entry of such a default judgment in the Settlement Agreement.

### PARTIES

3.      Taj is an Iraqi limited partnership with its principal place of business in Baghdad, Iraq.

4.      Swiftships is a Louisiana limited liability company with its principal place of business in Morgan City, St. Martin and St. Mary Parishes, Louisiana.  Swiftships may be served with this complaint by serving its registered agent, Ryan Baudry, 111 Wilson St., Franklin, Louisiana 70583.

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction over the claims asserted in this suit under 28 U.S.C. § 1332.  There is complete diversity of citizenship between Plaintiff and Defendant and the amount in controversy exceeds $75,000, exclusive of interest and costs.

6.      Venue is proper in this Court under 28 U.S.C. § 1391(b)(1) and (d). Swiftships is a Louisiana limited liability company with its principal place of business in this District.

## FACTS

7.      Taj is an Iraqi limited partnership involved in investment in, management of and consulting on projects in various industries in Iraq and the broader Middle East.  On or about August 16, 2011, Taj entered into a Settlement Agreement with Swiftships to resolve disputes arising under a Master Pledge Agreement ("MPA") entered into between affiliates of Taj and Swiftships in March 2010.  (*See* Ex. 1 to Ex. A, Aff. of Saifaldin D. Rahman ("Rahman Aff.").)   The Settlement Agreement contains a choice-of-law provision providing that the Settlement Agreement "shall be governed by the laws of the State of Texas." (*Id.* § 6.)

8.      Under the Settlement Agreement, Swiftships was obligated to pay Taj a lump sum in the amount of $5,250,000 by December 1, 2011, or to pay a series of monthly installments beginning on March 1, 2012, ending on October 1, 2013, and totaling $6,800,000 according to a payment schedule attached to the Settlement Agreement.

9.     Under the Settlement Agreement, Taj is entitled to a default judgment against Swiftships for failure to make timely payments under the agreed schedule. (*See* Rahman Aff., Ex. 1 § 5.)  Swiftships expressly waived the right to contest entry of such a default judgment in the Settlement Agreement.  *Id.*

10.     Swiftships has failed to make timely payments under the agreed schedule. Swiftships has made only <u>one</u> payment of $100,000 to Taj under the Settlement Agreement, but has not made any of the monthly installment payments totaling $6,600,000 that were required under the agreed payment schedule between April 1, 2012 and September 1, 2013.  *Id.* Accordingly, Swiftships is in default under the Settlement Agreement and Taj is entitled to a default judgment for the remaining amount owed of $6,700,000.

## FIRST CAUSE OF ACTION
### Breach of Contract

11.     Taj incorporates all of the preceding paragraphs by reference.

12.     The Settlement Agreement is a valid and enforceable contract.

13.     Taj performed or tendered performance or is excused from the performance of each of its obligations under the Settlement Agreement.

14.     As outlined above, Swiftships breached the Settlement Agreement by failing to make payments when due.

15.     Swiftships' breach has resulted in substantial damages to Taj in excess of the jurisdictional requirements of this Court.

16.     All conditions precedent have either occurred or been waived.

## SECOND CAUSE OF ACTION
### Attorneys' Fees

17.     Taj has retained the undersigned to represent it in this action and has agreed to pay reasonable and necessary attorneys' fees.  An award of reasonable and necessary attorneys' fees to Taj is authorized by § 38.001(8) of the Texas Civil Practice and Remedies Code.

## PRAYER

WHEREFORE, Taj prays that the Court grant judgment in favor of Taj, and requests that the Court:

a.     award Taj the full measure of its actual damages;

b.     award Taj its reasonable attorneys' fees, expenses, and costs of court;

c.     award Taj pre-judgment and post-judgment interest at the maximum rate allowed by law; and

d.     order such other and further relief to which Taj may be justly entitled.

Respectfully submitted,

/s/ Michael Cancienne
Michael Cancienne
W.D. La. Bar No. 31085
State Bar No. 31085
Baker Botts L.L.P.
One Shell Plaza
910 Louisiana
Houston, Texas  77002
Telephone: 713.229.6200
Facsimile:  713.229.6100

ATTORNEY FOR TAJ al KHAIRAT, LTD.

OF COUNSEL:
Michael B. Bennett, T.A.
Texas Bar No. 00796196
*Application for admission pro hac vice pending*
Dustin L. Appel
Texas Bar No. 24058819
*Application for admission pro hac vice pending*
BAKER BOTTS L.L.P.
One Shell Plaza
910 Louisiana
Houston, Texas  77002
Telephone: 713.229.1234
Facsimile:  713.229.1522

# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | | |
|---|---|---|
| TAJ AL KHAIRAT, LTD. | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. _____ |
| | § | |
| SWIFTSHIPS SHIPBUILDERS, L.L.C. | § | |
| | § | |
| Defendant. | § | |

**AFFIDAVIT OF SAIFALDIN D. RAHMAN**

BEFORE ME, the undersigned authority, on this day appeared Saifaldin D. Rahman, who after being duly sworn, stated to me the following:

1.      My name is Saifaldin D. Rahman.  I have personal knowledge of all matters contained within this affidavit and they are true and correct.  I am over 21 years of age and competent to make this affidavit.

2.      I am a shareholder of, and the primary U.S. representative of, Crown Contracting, Inc. ("Crown"), a subsidiary of Taj al Khairat, Ltd. ("Taj") created to oversee the relationship between Taj and Swiftships Shipbuilders, L.L.C. ("Swiftships") at issue in this matter.  In that capacity, I have personal knowledge of the agreements and relationship between Taj and Crown on the one hand, and Swiftships and its affiliates on the other hand.

3.      In March 2010, Crown entered into a Master Pledge Agreement ("MPA") with Apex Investment Group, Inc. ("Apex"), an affiliate of Swiftships.  On or about August 16, 2011, Taj entered into a Settlement Agreement with Swiftships to resolve disputes arising under the MPA.  The Settlement Agreement is also expressly binding upon Crown and Apex.  A true and correct copy of the Settlement Agreement is attached as Exhibit 1 to this Affidavit.

4.     Under the Settlement Agreement, Swiftships was obligated to pay Taj a lump sum in the amount of $5,250,000 by December 1, 2011, or to pay a series of monthly installments beginning on March 1, 2012, ending on October 1, 2013, and totaling $6,800,000 according to a payment schedule attached to the Settlement Agreement. (*See* Ex. 1.) Payments under the Settlement Agreement were to be paid to an account of the Law Office of Asim Ghafoor, the lawyer I personally retained to represent the interests of Crown and Taj in connection with the Settlement Agreement.

5.     Swiftships has failed to make timely payments under the agreed schedule. Swiftships has made only one payment of $100,000 to Taj under the Settlement Agreement, but has not made any of the monthly installment payments totaling $6,600,000 that were required under the agreed payment schedule between April 1, 2012 and September 1, 2013.

FURTHER AFFIANT SAYETH NOT.

_____
Saifaldin D. Rahman

SUBSCRIBED AND SWORN TO before me on this 4 day of September, 2013.

_____
Notary Public

My Commission Expires: 04-30-2016

PETER DEVON BROWN
NOTARY PUBLIC 7530947
COMMONWEALTH OF VIRGINIA
MY COMMISSION EXPIRES APRIL 30, 2016

2

# Exhibit A-1

Settlement Agreement

Swiftships Shipbuilders, LLC, (Swift) a Louisiana limited liability Company and Taj Al Khairat (Taj) enter into this Agreement to resolve all underlying matters in the case of Crown Contracting, Inc. v. Apex Investment Group, Inc. arising from the Master Pledge Agreement signed by these parties on March 17, 2010. Swift also binds Defendants Lutfe Hassan and Apex Investment Group, Inc., while Taj also binds Plaintiff Crown Contracting, Inc.

1.  **PAYMENT.**   Swift shall pay Crown a settlement amount (Amount) as defined in the attached Appendix which is herein incorporated into this Agreement. The payment shall be sent to:

> Law Office of Asim Ghafoor
> Wachovia Bank
> Rockville, MD
> Routing #: 054001220
> Account #: 2000045182046

Upon signing of this agreement, Taj agrees to suspend the litigation currently being pursued in federal court in Texas for the time period required by Swift to make all of its payments, subject to entering a confessed judgments defined in Section 5.

2.  **LAWSUIT.**   Once Taj suspends the litigation currently pursued in federal court, Taj also agrees not to pursue any related litigation in the US or abroad as long as timely payments in the Appendix are being remitted. Failure to make any promised payment shall result in Taj reserving its rights to reinstate such litigation without prejudice.

3.  **ACCELERATION.**   For reasons including but not limited to sale of Swift, ample profits, profits from work brought by Taj or a related party or receipt of loan proceeds to exceed current liabilities, Swift shall accelerate payments due above in the amount so earned. Alternate payment plans may also be agreed to if written and signed by both parties.

4.  **CONFIDENTIALITY.**   The terms of this Agreement shall remain confidential except for 1) compliance with local or federal law or 2) use in litigation in case of breach by either party.

5.  **CONFESSED DEFAULT JUDGMENT.** If Swift fails to meet the schedule set forth in the Appendix, then Taj shall be entitled to a default judgment. Swift agrees that it shall not challenge such action and explicitly waives its right to challenge the Default Judgment.

6.  **APPLICABLE LAW.**   This Agreement shall be governed by the laws of the State of Texas.

Swiftships Shipbuilders, LLC                    Taj al Khairat Ltd

_____                         _____
Calvin LeLeux                                   Saifaldin D. Rahman

_____                         _____
Date                                            Date

8|16|2018   Marie D. Fryou
State of Louisiana
Notary # 78464
Lifetime Commission

The following payments shall be remitted to counsel for Taj by Swift by the date indicated.

| Date | Payments to Taj | Not paid early | Scimitar Loan |
|---|---|---|---|
| 9/1/2011 | $0 | $0 | $0 |
| 10/1/2011 | $0 | $0 | $0 |
| 11/1/2011 | $0 | $0 | $0 |
| 12/1/2011 | $0 | $0 | $5,250,000 |
| 1/1/2012 | $0 | $0 | |
| 2/1//2012 | $0 | $0 | |
| 3/1/2012 | $5,250,000 | $100,000 | |
| 4/1/2012 | | $100,000 | |
| 5/1/2012 | | $100,000 | |
| 6/1/2012 | | $100,000 | |
| 7/1/2012 | | $100,000 | |
| 8/1/2012 | | $100,000 | |
| 9/1/2012 | | $2,500,000 | |
| 10/1/2012 | | $100,000 | |
| 11/1/2012 | | $100,000 | |
| 12/1/2012 | | $100,000 | |
| 1/1/2013 | | $100,000 | |
| 2/1/2013 | | $100,000 | |
| 3/1/2013 | | $1,500,000 | |
| 4/1/2013 | | $100,000 | |
| 5/1/2013 | | $100,000 | |
| 6/1/2013 | | $100,000 | |
| 7/1/2013 | | $100,000 | |
| 8/1/2013 | | $100,000 | |
| 9/1/2013 | | $1,100,000 | |
| 10/1/2013 | | $100,000 | |
| | $5,250,000 | $6,800,000 | |

Swiftships Shipbuilders, LLC                    Taj al Khairat & Crown Contracting

_____                        _____
Calvin LeLeux                                   Saifaldin D. Rahman

_____                        _____
Date                                            Date

8/16/2011  Marie D. Fryou
Marie D. Fryou
State of Louisiana
Notary # 78464
Lifetime Commission