IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| TAJ AL KHAIRAT, LTD. § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. 6:13-cv-02609 |
| § | |
| SWIFTSHIPS SHIPBUILDERS, L.L.C. § | |
| § | |
| Defendant. § | |

**PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff Taj al Khairat, Ltd. ("Taj") files this Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure and would show the Court as follows:

1. Taj entered into a Settlement Agreement with Swiftships Shipbuilders, L.L.C. ("Swiftships") to resolve disputes arising under a "Master Pledge Agreement" entered into between affiliates of Taj and Swiftships. (Pl.'s Compl. [Dkt. # 1] ¶ 7; Def.'s Am. Ans. [Dkt. # 20] ¶ 7.) In exchange for Taj's agreement to forbear from suing for breaches of the Master Pledge Agreement, which included breaches of obligations owed by Swiftships, Swiftships agreed to make payments to Taj over a period of time. (Pl.'s Compl. [Dkt. # 1] ¶ 8; Def.'s Am. Ans. [Dkt. # 20] ¶ 8.)

2. The Settlement Agreement states that Taj is entitled to a default judgment against Swiftships in the event of failure to make timely payments under the agreed schedule and that Swiftships expressly waives the right to contest entry of such a default judgment. (Pl.'s Compl. [Dkt. # 1] ¶ 9.) Swiftships admits that it executed the Settlement Agreement that contained a provision that waives the right to contest entry of a default judgment. (Def.'s Am. Ans. [Dkt. # 20] ¶ 9.)

3. Swiftships does not dispute that with the exception of one payment, it has not made payments as required by the Settlement Agreement. (Def.'s Am. Ans. [Dkt. # 20] ¶¶ 1, 10.)

4. Taj seeks the full measure of its actual damages caused by Swiftships' breach of the Settlement Agreement, as well as reasonable attorneys' fees, expenses, costs of court, pre-judgment and post-judgment interest at the maximum rate allowed by law, and any such other and further relief to which Taj may be justly entitled.

5. Instead of disputing the basic facts that demonstrate breach of contract and damages, Swiftships relies solely on affirmative defenses that allegedly render the Settlement Agreement invalid or unenforceable. Specifically, Swiftships alleges that a later contract, a Master Services Agreement between Swiftships and another party, IWG Inc. ("MSA"), operated as a novation of the Settlement Agreement between Swiftships and Taj. (Def.'s Am. Ans. [Dkt. No. 20] ¶ 18.) Swiftships also alleges that the Settlement Agreement is unenforceable: (1) because it purports to bind parties who are not signatories to the agreement; and (2) because Swiftships, but not Taj, signed the Payment Schedule that is an appendix to the Settlement Agreement. (Rule 26(f) Report [Dkt. # 15] § 5.)

6. Swiftships' defenses fail as a matter of law for the reasons set forth in the attached Memorandum in Support of Plaintiff's Motion for Summary Judgment ("Memorandum in Support").

7. Accordingly, for the reasons set forth in the attached Memorandum in Support, Taj moves this Court to grant summary judgment in favor of Taj on the basis that there are no genuine issues of material fact, and that Taj is entitled to judgment as a matter of law.

Active 17291462

8. In support of this Motion, Taj submits a true and correct copy of the Settlement Agreement, which is attached as Exhibit 1 to the Memorandum in Support; excerpts from the depositions of Calvin Leleux, Shehraze Shah, Ashraf Nubani, Saifaldin D. Rahman, and Khurram Shaw, which are attached as Exhibits 2 through 6 to the Memorandum in Support; a true and correct copy of the MSA between Swiftships and IWG, Inc., which is attached as Exhibit 7 to the Memorandum in Support; and the Affidavit of Saifaldin D. Rahman, which is attached as Exhibit 8 to the Memorandum in Support.

9. A Statement of Uncontroverted Facts as required by Rule 56.1 of the Uniform Local Rules for the District Court is also attached to this Motion.

WHEREFORE, Taj prays that, after all due proceedings, this Court grant summary judgment in its favor and award the requested relief and any such other relief to which Taj may show itself to be entitled.

Respectfully submitted,

/s/ *Michael Cancienne*
Michael Cancienne
W.D. La. Bar No. 31085
State Bar No. 31085
Baker Botts L.L.P.
One Shell Plaza
910 Louisiana
Houston, Texas 77002
Telephone: 713.229.6200
Facsimile: 713.229.6100

ATTORNEY FOR TAJ al KHAIRAT, LTD.

Active 17291462

OF COUNSEL:
Michael B. Bennett, T.A.
Texas Bar No. 00796196
*Admitted pro hac vice*
Dustin L. Appel
Texas Bar No. 24058819
*Admitted pro hac vice*
BAKER BOTTS L.L.P.
One Shell Plaza
910 Louisiana
Houston, Texas 77002
Telephone: 713.229.1234
Facsimile: 713.229.1522

Active 17291462

4

CERTIFICATE OF SERVICE

      I hereby certify that on November 13, 2014, the foregoing document was uploaded to the CM/ECF system which will send notification of such filing to the following:

    Ms. Aimee Griffin
    Swiftships Shipbuilders, L.L.C.
    1105 Levee Road
    Morgan City LA 70380

    Mr. Faisal Gill
    Gill Law Firm (DC)
    1155 F St N W Ste 1050
    Washington, DC 20004

*/s/ Michael Cancienne*
Michael Cancienne
BAKER BOTTS L.L.P.
One Shell Plaza
910 Louisiana
Houston, Texas 77002
Telephone: 713.229.6200
Facsimile: 713.229.6100

Active 17291462

5