UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| TAJ AL KHAIRAT, LTD | CIVIL ACTION NO. 6:13-CV-2609 |
| VERSUS | JUDGE ROBERT JAMES |
| SWIFTSHIPS SHIPBUILDERS, L.L.C. | MAG. JUDGE WHITEHURST |

## MEMORANDUM ORDER

Before the Court, is Plaintiff's Motion for Delivery Order (Rec. Doc. 151), Defendant's Memorandum in Opposition (Rec. Doc. 153), Plaintiff's Reply (Rec. Doc. 162) and Defendant's Sur-Reply (Rec. Doc. 164). For the reasons that follow, the motion is GRANTED in part and DENIED in part.

### I. Background Facts and Procedural History

Plaintiff is the judgment creditor of Defendant in the amount of §6,700,000.00, along with legal interest and costs from May 27, 2015, until paid. According to Plaintiff, the judgment remains unsatisfied. By the present motion, Plaintiff seeks an Order from this Court directing Defendant to deliver to the United States Marshal, for subsequent delivery to Plaintiff, "the cash proceeds of a certain contract payment from South Oil Company in the amount of $5,846,000.00."

### II. Contentions of the parties

Plaintiff contends that it is entitled to an order, pursuant to La. Rev. Stat. 13:3862, based on this Court's issuance of a Writ of *Fieri Facias* (Rec. Doc. 50)

directing the United States Marshal, by seizure and sale of Defendant's property, real and personal, rights and credits, to raise the funds necessary to satisfy judgment. In support of its motion, Plaintiff submits the Declaration of Marcus J. Green, an attorney for Plaintiff, which states that Defendant is a party to a supply contract with South Oil Company ("SOC"), which was executed in February 2013. (Rec. Doc. 151-2). According to Plaintiff, the contract is for the supply of two 148 foot multipurpose support and maintenance vessels and provides for payments to Defendant totaling $29,230,000.00. *Id.*

Plaintiff submits that the contract further provides that a payment of $5,846,000.00 was to be paid to the Defendant upon successful sea trials, and another $5,846,000.00 upon the physical delivery of the vessels to Iraq. *Id.* Additionally, Plaintiff contends that the Defendant completed construction on the vessels by February 15, 2016 and, as of March 2017, both vessels have arrived in Iraq. *Id.* According to Plaintiff, approximately $9,000,000 in payments remain due to Defendant on the SOC contract. (Rec. Doc. 162, at p. 5). Plaintiff contends that, of the outstanding amount, $5,846,000 came due to Defendant upon delivery of the vessels to Iraq, and an additional $2,923,000 will become due to Defendant in the future. *Id.*

Defendant opposes Plaintiff's motion and submits that Plaintiff has not met its burden of proving that the contract proceeds referenced in Plaintiff's motion are

either on the person of, in the possession of, or under the control of Defendant, such that they would be subject to a delivery order under La. Rev. Stat. 13:3862. (Rec. Doc. 153, at p.1). According to Defendant, because the property which Plaintiff seeks – the right to payment on the SOC contract – constitutes intangible property, a delivery order is not the proper vehicle by which to execute on Plaintiff's judgment. (Rec. Doc. 164, at pp. 5-9). Rather, a writ of garnishment is the process by which assets due a judgment debtor by third persons are attached. *Id.*

### III. Law and Analysis

Rule 69 of the Federal Rules of Civil Procedure provides that a money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution – and in proceedings supplementary to and in aid of judgment or execution – must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies. Fed. R. Civ. P. 69(a)(1).

Louisiana's "turnover" statute provides:

> On ex parte motion of a party who has caused to be issued a writ directing the seizure of property, the court may order that money or other property on the person or party against whom the order is directed, or otherwise in his possession or under his control, be delivered to the Sheriff immediately upon personal service of the order. If it is proved that at the time of such service the person ordered to deliver the money or other property had it on his person, or otherwise in his possession or under his control, the failure to comply with the order shall be punished as a contempt of court, unless it is shown that the property is exempt from seizure.

La. Rev. Stat. § 13:3862.  Pursuant to this statute, "[t]he two factual issues that are critical to the turnover proceeding are (i) the past existence of the property or money in the debtor's possession and (ii) the fact that it is 'yet within the power' of the debtor to produce the property to the court." *Johnson & Placke v. Norris,* 874 So.2d 340, 350 (La. App. 2d Cir. 2004), *writ denied,* 882 So. 2d 1137 (La. 2004).

Generally, in Louisiana in a civil case, the plaintiff has the burden of proving each and every essential element of his claim by a preponderance of the evidence. *Gustafson v. Koch,* 460 So.2d 655 (La. App. 1st Cir. 1984).  Once the plaintiff establishes a *prima facia* case, the burden shifts to the defendant:

> The burden is on the plaintiff to initially establish a *prima facia* case, and failure to establish such a case defeats his cause of action.  *Prima facie* evidence is evidence sufficient to establish a given fact, which, *if not rebutted or contradicted,* will remain sufficient.  Once a *prima facie* case has been established by the plaintiff by a preponderance of the evidence, the burden shifts to the defendant.

*Gulf Wide Towing, Inc. v. F.E. Wright (U.K.) Limited,* 554 So.2d 1347 (La. App. 1st Cir. 1989)(emphasis in original, citing *Harrigan v. Freeman,* 498 So.2d 58 (La. App. 1st Cir. 1986)).

In Plaintiff's original motion it seeks to have delivered "cash proceeds of a certain contract payment from South Oil Company in the amount of $5,846,000.00." (Rec. Doc. 151, p. 1).  Plaintiff submits evidence of a contract between SOC and Defendant, in which Defendant was to supply two vessels to SOC for payments

totaling $29,230,000.00. (Rec. Doc. 151-3). The contract provides that a payment of $5,846,000.00 was to be paid to the Defendant upon successful sea trials, and another $5,846,000.00 upon the physical delivery of the vessels to Iraq. *Id.* Plaintiff concludes that, because Defendant completed construction on the vessels and both vessels have been delivered to Iraq, the proceeds of payments from the SOC to Defendant is in Defendant's possession or under its control.

Clearly, cash proceeds would constitute tangible property which, if in the possession of the Defendant, would be the proper subject of a delivery order. In its Reply Memorandum, however, Plaintiff states that approximately $9,000,000.00 *"remains due to the Defendant on the SOC Contract."* (Rec. Doc. 162, p. 5). Thus, Plaintiff concedes that the some of the proceeds of the contract are not within Defendant's possession at this time, but contends that "the right to payment on the SOC Contract belongs to the Defendant. . ." *Id.*

Plaintiff attaches the deposition testimony of Shehraze Shah, the owner and CEO of Swiftships, LLC, which confirms that Defendant has received five of the seven payments due under the SOC contract. (Rec. Doc. 162-1, pp. 9-16). The last two payments in the amounts of $5,546,000.00 and $2,923,000.00, however, still remain due. *Id.*

The writ of fieri facias issued in this case directs the United States Marshall to physically seize the property of Defendant to satisfy the judgment rendered against

Defendant in this Court. (Rec. Doc. 50). The Marshall cannot physically seize that which the plaintiff is seeking with regard to the final two payments– the right Defendant may have to collect payment on its contract with SOC. Thus, a delivery order is not the proper vehicle by which Plaintiff may seek to execute its judgment against the unpaid proceeds of the contract. Rather, a writ of garnishment is the process by which assets due a judgment debtor by third persons are attached. *Granada Bank v. Willey,* 694 F.2d 85 (5th Cir. 1982).[1]

Accordingly, Plaintiff's Motion for Delivery Order (Rec. Doc. 151) is GRANTED to the extent it that is seeks delivery of cash proceeds paid to Defendant pursuant to the SOC contract and it is ORDERED that Swiftships Shipbuilders LLC deliver to the United States Marshal, for subsequent delivery to Plaintiff, such cash proceeds of contract payments from SOC in the amount of $5,846,000.00. The motion is DENIED to the extent it seeks any payments due, but not yet paid, pursuant to the contract.

Signed May 15, 2017 at Lafayette, Louisiana.

CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE

---

[1] *Granada Bank* applied Mississippi law which is virtually identical to Louisiana law on this subject.